# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES MANAGEMENT, LLC (United States); INVENTION INVESTMENT FUND I, LP (United States); and INVENTION INVESTMENT FUND II (United States),<br><br>Petitioners,<br><br>v.<br><br>NOKIA CORPORATION (Finland); and NOKIA HOLDINGS USA INC. (United States),<br><br>Respondents. | Civil Action No. ___<br><br><br><br><br><br>REDACTED - PUBLIC VERSION |

## INTELLECTUAL VENTURES' PETITION TO VACATE FINAL ARBITRATION AWARD

Petitioners Intellectual Ventures Management, LLC, Invention Investment Fund I and Invention Investment Fund II respectfully submit this Petition to Vacate the Decision and Final Award issued by the International Centre for Dispute Resolution, Case No. 01-16-002-0133, on April 25, 2017 ("Award"). The Award is appended hereto as Exhibit A.

### I.   PARTIES

1. Petitioner Intellectual Ventures Management, LLC is a Delaware corporation with its principal place of business in Bellevue, Washington that operates a portfolio of invention-related investment funds, including Invention Investment Fund I and Invention Investment Fund II. Except as otherwise indicated, Petitioners will be referred to herein collectively as "IV."

2. Respondent Nokia Corporation is incorporated and headquartered in Espoo, Finland. Respondent Nokia Holdings USA Inc. is a wholly-owned subsidiary of Nokia Corporation, headquartered in Delaware. Except as otherwise indicated, Respondents will be

referred to herein collectively as "Nokia." Nokia is an investor in Invention Investment Fund I and Invention Investment Fund II.

## II. JURISDICTION

3. This petition is submitted under Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208, which provides for enforcement of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). *See* 9 U.S.C. § 201, *et seq.* This proceeding involves an arbitration award arising out of a commercial contractual relationship that is not entirely between citizens of the United States, and thus falls within the Convention. *See* 9 U.S.C. § 202.

4. This Court has subject matter jurisdiction in this case pursuant to Section 203 of the Federal Arbitration Act, which provides: "An action or proceeding falling under the Convention shall be deemed to arise under the laws and treatises of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203; *accord* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States.").

5. This Court has personal jurisdiction over Respondents because Respondents consented to personal jurisdiction before this Court in the Patent License Agreements ("PLAs") that form the basis for this dispute. PLA, § 9[1] ███████████████████████

███████████████████████████████████████████████████████

███████████████

---

[1] The PLAs are attached as Exhibits 17 & 18 to the Declaration of Diana S. Breaux ("Breaux Decl.") filed contemporaneously herewith. The two PLAs are substantially the same. Citations to "PLA" herein indicate the terms are identical in both PLAs.

### III. VENUE

6. Venue is proper under 28 U.S.C. § 1391(b)(2) and 9 U.S.C. § 204 because the parties named Delaware as the location of the arbitration proceeding resulting in the Award, and the Award was entered in Delaware. PLA § 9; Award at 23.

### IV. BACKGROUND

7. IV and Nokia are parties to two PLAs, pursuant to which Intellectual Ventures granted Nokia rights to large portfolios of Intellectual Ventures' patents. ████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
██████████████████

8. ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
██████████████████████

9. ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████

10.     On April 15, 2015, Nokia and Alcatel Lucent entered into a binding memorandum of understanding ("MOU")[2] providing the terms by which Nokia would acquire Alcatel Lucent through public exchange offers in France and the United States. The transaction closed on January 7, 2016, at which time Nokia acquired a controlling interest in Alcatel-Lucent, a multibillion dollar French telecommunications company that was, until that date, a competitor of Nokia's. On that date, Nokia acquired shares comprising 76% of Alcatel-Lucent's share capital and voting rights.

11.     In sworn statements to the SEC, investor communications, and press releases, Nokia repeatedly described the transaction that closed on January 7, 2016, as an "acquisition." Immediately after the share exchange, Nokia and Alcatel-Lucent began integrating their operations and, only one week later, commenced operating as a combined entity—the "New Nokia."

12.     Nokia then reopened and closed a second round public offering on February 3, 2015, after which it owned 91.5% of Alcatel Lucent shares. Pursuant to § 2.6 of the MOU, Nokia had no further commitment to Alcatel Lucent (or anyone else) to purchase additional shares. Nokia decided to buy additional shares anyway, accumulating approximately 95% of the outstanding shares by the middle of May. By November 2, 2016, Nokia had purchased 100% of Alcatel-Lucent's outstanding equity, although 5% of the Alcatel-Lucent shares Nokia owned were held in escrow until a French minority shareholder suit was dismissed on December 15, 2016.

13.     In May 2016—months after the successful share exchange but before Nokia obtained 100% of Alcatel-Lucent's outstanding equity—Nokia initiated arbitration requesting a

---

[2] The Memorandum of Understanding is attached as Exhibit 10 to the Breaux Declaration.

declaration that ██████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████ . . . ." PLA, § 9.

14. IV sought counter-declarations, including that ████████████

██████████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

15. On April 25, 2017, the Arbitrator rendered the Award. *See* Exhibit A attached hereto. In the Award, the Arbitrator failed to decide the issue presented to her; namely, whether

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████
████████████████████

## V.   RELIEF REQUESTED

IV petitions this Court to vacate the Award; the grounds for vacatur are set forth below.

16.   First, the Award should be vacated because the Arbitrator "exceeded [her] powers," 9 U.S.C. § 10(a), by failing to resolve the core disputed issue; namely, whether ███ ███████████████████████████████████████████ ████████████████████████████████████ This was the legal issue underlying the parties' competing claims for declaratory relief ████████████████ ████████ yet the Arbitrator failed to resolve this issue. By failing to answer the question presented to her, the Arbitrator exceeded her authority and rendered an award that is inconsistent with the requirements of § 10(a)(3) and (4), and Article V(1)(c) of the Convention.

17.   Second, vacatur is appropriate because the Arbitrator exceeded her authority by awarding relief inconsistent with the claims submitted to her. Neither party requested a declaration that ████████████████████████████████████████ ████████████████████ Nor was either party given an opportunity to address or brief the theory. The Arbitrator adopted a rationale that was alien to both parties' submissions and the underlying contracts themselves. By answering a question that the parties did not ask, the Arbitrator exceeded her authority and rendered an award that is inconsistent with the requirements of § 10(a)(3) and (4), and Article V(1)(c) of the Convention.

18.   Finally, vacatur is appropriate because the Arbitrator's decision does not draw its essence from the contractual language and therefore violates § 10(a)(4). The Arbitrator completely failed to analyze ████████████████ a critical issue on the question of whether

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Because the Arbitrator did not construe the contract, IV did not get what it expressly contracted for—an arbitration based upon an interpretation of the PLAs. As such, the Award fails to meet the requirements of §10(a)(4).

The grounds for this petition are described in detail in the accompanying memorandum and supporting exhibits filed herewith.

WHEREFORE, for the reasons stated herein and as more fully set forth in the accompanying Motion, Petitioners request that this Court enter an Order vacating the Decision and Final Award entered on April 25, 2017 and awarding such other and further relief as the Court may deem proper.

Dated: July 24, 2017.

PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.

/s/ *John C. Phillips, Jr.*
John C. Phillips, Jr. (Bar No. 110)
Megan C. Haney (Bar No. 5016)
1200 North Broom Street
Wilmington, DE 19806-4204
Tel: 302.655.4200
Email: jcp@pgmhlaw.com
           mch@pgmhlaw.com

*OF COUNSEL:*

Martin J. Black
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Tel: 215.994.2664
Email: martin.black@dechert.com

Richard C. Yarmuth
Diana S. Breaux
Molly A. Terwilliger
YARMUTH WILSDON PLLC
1420 Fifth Avenue, Suite 1400
Seattle, WA 98101
Tel:  206.516.3800
Email: yarmuth@yarmuth.com
         dbreaux@yarmuth.com
         mterwilliger@yarmuth.com

*Attorneys for Petitioners*

## CERTIFICATE OF SERVICE

I, Megan C. Haney, Esquire, hereby certify that on July 31, 2017 a copy of the Redacted Petition to Vacate Arbitration Award was caused to be served upon the following in the manner indicated below:

### VIA U.S. MAIL

Nokia Corporation
c/o Nokia Holdings USA Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Nokia Holdings USA, Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

### VIA EXPRESS MAIL

Nokia Corporation
Keilalahdentie 4
FIN-02150 Helsinki, Finland

### VIA FEDEX

Nokia Corporation
c/o Randall L. Allen
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309

/s/ Megan C. Haney
Megan C. Haney (No. 5016)