IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES<br>MANAGEMENT, LLC; INVENTION<br>INVESTMENT FUND I, LP and<br>INVENTION INVESTMENT FUND II, LLC | ) )<br>)<br>) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-1002 (GMS) |
| | ) | |
| NOKIA CORPORATION and<br>NOKIA HOLDINGS USA INC., | )<br>)<br>) | **REDACTED - PUBLIC VERSION**<br>**FILED 08/28/2017** |
| Respondents. | )<br>) | |

**CROSS-PETITION TO CONFIRM ARBITRAL AWARD**

Respondents/Cross-Petitioners Nokia Corporation and Nokia Holdings USA Inc.

(collectively, "Nokia") bring this summary proceeding under the United Nations Convention for

the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") and

Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201 *et seq.*, and respectfully move the Court

to enter an order: (1) confirming and recognizing the final arbitral award (the "Final Award") in

the arbitration between Nokia and Petitioner/Cross-Respondents Intellectual Ventures

Management, LLC; Invention Investment Fund I, LP; and Invention Investment Fund II, LLC

(collectively, "IV") captioned *Nokia Corporation and Nokia Holdings USA Inc. v. Intellectual*

*Ventures Management, LLC; Invention Investment Fund I, LP; and Invention Investment Fund*

*II, LLC*, International Centre for Dispute Resolution, Case No. 01-16-0002-0133 (c. 01-16-0002-

0135) (the "Arbitration"); (2) entering declaratory judgment in Nokia's favor consistent with the

terms of the Final Award; and (3) awarding Nokia any other relief as the Court deems just and

proper.

## PARTIES, JURISDICTION, AND VENUE

1.      Respondent/Cross-Petitioner Nokia Corporation is a corporation organized and existing under the laws of Finland.  Nokia Corporation's address is PO Box 226, FIN-00045, Keilalahdentie 4, FIN-02150, Espoo, Finland.

2.      Respondent/Cross-Petitioner Nokia US Holdings Inc. (identified in the case caption as Nokia Holdings USA Inc.) is a wholly-owned subsidiary of Nokia Corporation, incorporated in Delaware, with its principal place of business in Irving, Texas.

3.      Upon information and belief, Petitioner/Cross-Respondent Intellectual Ventures Management, LLC is a Delaware corporation with its principal place of business at 3150 139th Ave SE, Building 4, Bellevue, Washington 98005.

4.      Upon information and belief, Petitioner/Cross-Respondent Invention Investment Fund I, LP is a Delaware limited partnership that is ultimately administered by Intellectual Ventures Management, LLC, with a principal place of business at 1422 130th Avenue NE, Bellevue, Washington 98005.

5.      Upon information and belief, Petitioner/Cross-Respondent Invention Investment Fund II, LLC is a Delaware limited liability company that is ultimately administered by Intellectual Ventures Management, LLC, with a principal place of business at 1756 114th Avenue SE, Bellevue, Washington 98004.

6.      In this proceeding, Respondent/Cross-Petitioner Nokia seeks confirmation and recognition of an arbitral award issued in a commercial arbitration held in the United States.  The Arbitration was seated in Delaware, and the hearing took place in New York, New York pursuant to the terms of an agreement between Nokia and IV.  It was conducted pursuant to the

2

Rules of the American Arbitration Association International Centre for Dispute Resolution.  The

arbitrator issued the Final Award on April 25, 2017.

7.      This is an action to confirm and recognize the Award under the Convention on the

Recognition and Enforcement of Foreign Arbitral Awards and its implementing legislation, 9

U.S.C. § 201 *et seq.*—a treaty and a law of the United States, respectively.  A final and binding

arbitration award has been issued.  Because Nokia Corporation is domiciled in and has its

principal place of business outside of the United Sates, the Final Award constitutes a

nondomestic award falling under the New York Convention for purposes of 9 U.S.C. § 202.

With this Petition, Nokia seeks confirmation of the Final Award under 9 U.S.C. § 207.

8.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331

and also 9 U.S.C. §§  201 and 203—which provide that actions or proceedings falling under the

New York Convention arise under the laws and treaty of the United States and that United States

District Courts have original subject matter jurisdiction over any such action or proceeding.

9.      Venue in this Court is proper  pursuant to 9 U.S.C. § 204 which provides that an

action falling under the New York Convention "may be brought . . . in such court for the district

and division which embraces the place designated in the agreement as the place of arbitration if

such place is within the United States."  For the convenience of the parties, the evidentiary

hearing was held in New York, New York, but by agreement of the parties, the seat of the

Arbitration was in Delaware, and the Final Award was likewise issued in Delaware.

Accordingly, the place of the Arbitration was Wilmington, Delaware, making venue appropriate

under 9 U.S.C. § 204.  *See, e.g.*, Restatement (Third) U.S. Law of Int'l Comm. Arb. § 1-1, cmt.

X, TD No 1 (2010) (citing Gary Born, International Commercial Arbitration 1240 (2009)) (the

"place" of the arbitration is the arbitral seat).  Because the arbitration was seated in Delaware,

venue is also appropriate pursuant to 28 U.S.C. § 1391(b)(2), which provides that an action may

be brought in the judicial district "in which a substantial part of the events . . . giving rise to the

claim occurred . . . ." Finally, IV has consented to venue in this Court by filing its Motion to

Vacate in this Court, in response to which this Cross-Petition is asserted.

10.     This Court has personal jurisdiction over IV pursuant to agreement by the parties

and the applicable standards of the United States Constitution and federal and state law. IV

consented to personal jurisdiction before this Court in the parties' Patent License Agreements

that form the basis for this dispute. Furthermore, IV has consented to personal jurisdiction in this

Court by filing its Motion to Vacate in this Court, in response to which this Cross-Petition is

asserted.

## FACTUAL BACKGROUND

11.     Nokia and IV are parties to two substantially similar Patent License Agreements

("PLAs") ███████████████████████████████████

████████████████████████████████████████

██████████████████████████████████ A true and correct copy of the

IIF1 PLA is attached as Exhibit 1 to the accompanying declaration of Matthew D. Richardson

dated August 21, 2017 ("Richardson Declaration"). A true and correct copy of the IIF2 PLA is

attached to the Richardson Declaration as Exhibit 2.

12.     ████████████████████████████████

███████████████████████████████████████

13.     ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

4

5

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████

14.    ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████

15.    ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

16.    On April 15, 2015, Nokia entered into a Memorandum of Understanding

("MOU") with Alcatel-Lucent, a French manufacturer of telecommunications infrastructure

equipment, under which Nokia agreed to purchase Alcatel-Lucent.  The transaction would be

completed through a series of public exchange offers in France and the United States, and once

Nokia acquired 95% of the share capital and voting rights of Alcatel-Lucent, Nokia would begin

a squeeze-out of the remaining shares as allowed under French law.

17.    ████████████████████████████████████████████████

████████████████████████████████████████████████████████

18.    ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████

19.    Accordingly, on May 26, 2016, Nokia filed two Notices of Arbitration ███████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████

20.    After the parties exchanged two rounds of written submissions and evidence, the

arbitrator conducted an evidentiary hearing on November 29-30, 2016, in New York, New York.

The parties then submitted two additional rounds of post-hearing written submissions, followed

by a final oral argument on February 10, 2017, also held in New York, New York.

21.    On April 25, 2017, the arbitrator entered her "Decision and Final Award"

resolving the dispute between the parties ███████████████████████████████████

███████████████████████████████████████████████A true and correct,

certified copy of the Final Award is attached to the Richardson Declaration at Exhibit 3.

22.    ████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████

23. ██████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████

24.     There are no grounds for this Court to refuse confirmation and recognition of the

Award.

WHEREFORE, Petitioner Nokia respectfully prays that:

(a) The Court enter an order, pursuant to 9 U.S.C. § 207, confirming and recognizing the

Final Award against IV;

(b) Nokia be granted the costs and fees incurred in connection with this proceeding; and

(c) Nokia be awarded such other and further relief as may be proper.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Respondents*

OF COUNSEL:

Randall L. Allen
Matthew D. Richardson
Kristen K. Bromberek
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
(404) 881-7000

August 21, 2017